

**ORDERED in the Southern District of Florida on October 13, 2022.**

*(signature)*

                **Erik P. Kimball, Judge**
                **United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:**

| | |
|---|---|
| BASA INVESTMENTS, LLC, | Case No. 22-10741-EPK |
| SHEPHERD REALTY INVESTMENTS, INC., | Case No. 22-12083-EPK |
| DAMACA INVESTMENTS, LLC, | Case No. 22-12084-EPK |
| | (Jointly Administered under |
| Debtors. | Case No. 22-10741-EPK) |
| _____/ | **Chapter 7** |

**ORDER REFERRING MOTIONS FOR CRIMINAL**
**CONTEMPT TO DISTRICT COURT AND RECOMMENDING**
**<u>INCARCERATION OF ARIEL BANEGAS AND ASTRID BANEGAS</u>**

    Since conversion of these jointly administered cases to chapter 7, the debtors' former principal, Ariel Banegas, and his former spouse, Astrid Banegas, have repeatedly and flagrantly interfered with the chapter 7 trustee's management of the debtors' rental properties, in open defiance of multiple orders of this Court. After conversion, when only the chapter 7 trustee has control over the debtors' assets, Ariel Banegas purported to cause the debtors to transfer all of their real properties to Astrid Banegas. Ariel Banegas threatened the trustee and his counsel, in writing, that he would prevent the trustee from gaining access

to the debtors' properties by assistance of an armed group. Then Ariel and Astrid Banegas began a campaign of cajoling and threatening the debtors' tenants to enter into new leases with the alleged new owner, Astrid Banegas, and to pay all rent to them rather than to the trustee. Astrid Banegas filed eviction actions against three of the debtors' tenants who appropriately paid rent to the trustee rather than to Ariel and Astrid Banegas. They are collecting rents due to the estate from other tenants. Ariel Banegas broke into one of the leaseholds, removed valuable personal property, and sabotaged the air conditioning system. Even after repeated orders of the Court directing them to stop, including three contempt orders, they remain defiant of the Court and the trustee. Ariel Banegas and Astrid Banegas continue to threaten the debtors' tenants in writing and in person. Ariel Banegas blocked the driveway of one of the debtors' properties with a locked chain, preventing the tenant from removing her vehicle. Astrid Banegas filed documents with the State of Florida purporting to dissolve the debtors. They repeatedly accused the Court of discrimination of various kinds without any basis at all. When the trustee and his counsel attempt to properly administer the debtors' assets, they accuse the trustee and his counsel of wrongdoing and "unlawfulness" and taunt the trustee and his counsel with open denials of the Court's authority.

The Court has over and over again warned Ariel Banegas and Astrid Banegas that their repeated interference with administration of these chapter 7 cases constitutes serial violations of the automatic stay. The Court has held Ariel Banegas in contempt twice and Astrid Banegas in contempt once, and has informed them that their actions may also constitute violations of the criminal provisions of 18 U.S.C. §§ 152(1), (5), (7), and (9). ECF Nos. 393, 423, 431. The Court referred them to the Office of Criminal Enforcement of the United States Trustee for criminal investigation. The Court has repeatedly ordered them to cease interfering with the chapter 7 trustee's management of the debtors' properties, including to undo attempts to transfer the debtors' assets, to stop contacting tenants, to turn

over rents collected from the debtors' properties, to dismiss eviction actions commenced against the debtors' tenants, and to turn over the debtors' books and records and all keys to the properties, among other things. The Court ordered them to pay monetary sanctions to compensate the trustee and tenants. In spite of all of this, Ariel and Astrid Banegas continue to flagrantly defy this Court's orders and repeatedly interfere with the trustee's management of the debtors' properties.

On October 10, 2022, Michael R. Bakst, as chapter 7 trustee in these jointly administered cases, filed two motions seeking further relief against Ariel Banegas and Astrid Banegas. ECF Nos. 436 and 437. In those motions, the trustee provides evidence that Ariel Banegas and Astrid Banegas continue to threaten the debtors' tenants, collect the debtors' rents, attempt to evict tenants, try to dissolve the debtors under state law, and otherwise interfere with the trustee's management of the debtors' properties. The trustee asks the Court to enforce its prior orders holding Ariel Banegas and Astrid Banegas in contempt of court, hold them in further contempt of court, hold them in criminal contempt, direct the United States Marshals Service to apprehend and incarcerate them, and order additional monetary sanctions including a daily sanction and attorneys' fees and costs.

It is apparent to the Court that further contempt orders and monetary sanctions will have no impact on the actions of Ariel Banegas and Astrid Banegas. They repeatedly declare to the trustee, his counsel, tenants, and even the Court, that they are not bound by orders of the Court. The Court is left with the only means available to coerce them to stop their ongoing interference with the administration of these cases—incarceration.

This Court has the power to cause an individual to be incarcerated in order to coerce compliance with the Court's orders. *Lawrence v. Goldberg (In re Lawrence)*, 279 F.3d 1294 (11th Cir. 2002). That power is limited to instances where the incarcerated person retains the ability to comply with the Court's requirements. This Court may, without referral to the

District Court, order Ariel Banegas and Astrid Banegas to be incarcerated to coerce them to comply with those components of the Court's prior orders which they could accomplish from confinement, including with the assistance of others. However, the Court's powers of civil contempt have limits. For example, this Court cannot order incarceration of Ariel Banegas or Astrid Banegas to coerce them to stop threatening the debtors' tenants and absconding with rent payable to the estate as the mere fact of incarceration would prevent that activity and so they would not hold the keys to their release.

In light of the shocking actions of Ariel Banegas and Astrid Banegas in open defiance of the Court's prior orders, the trustee appropriately requested that the Court order criminal sanctions. Given the severity of their actions, it appears that incarceration as punishment is warranted in this case. However, this Court cannot directly order criminal sanctions. The Court must refer such a request to the District Court with an appropriate recommendation. Because the trustee's motions seek a combination of civil and criminal sanctions, but this Court believes only criminal sanctions will be effective, the Court will refer the trustee's present motions, in their entirety, to the District Court for further consideration. In light of ongoing physical threats to the debtors' tenants and their property, the Court will ask the District Court to consider this matter on an expedited basis.

### History of These Cases Prior to Conversion

The debtors in these jointly administered cases are Basa Investments, LLC, Shepherd Realty Investments, Inc., and Damaca Investments, LLC.

The debtors filed these cases under subchapter V of chapter 11. Subchapter V, labeled "Small Business Debtor Reorganization," is a relatively new provision aimed at providing a more streamlined and cost-effective procedure for reorganization of smaller business entities. Unlike in traditional chapter 11 cases, a subchapter V trustee assists the debtor in developing a plan of reorganization. 11 U.S.C. § 1183. The debtor must typically file a plan within 90

days after the petition. 11 U.S.C. § 1189(b). In most cases, the debtor need not file a separate disclosure statement; the relevant disclosures are included in the plan. 11 U.S.C. §§ 1181(b), 1190. Even if the plan is filed on the 90th day after the petition date, the confirmation hearing may be set less than 120 days after the petition, and the Court can reduce that time for cause. Fed. R. Bankr. P. 2002(b), 9006(c). Subchapter V is intended to be a swift process.

The three corporate debtors filed voluntary petitions in January and March 2022. The Court ordered their cases jointly administered in March 2022. ECF No. 51. Maria Yip was appointed subchapter V trustee. ECF No. 3. Ms. Yip is a standing trustee in this district with extensive experience in all aspects of bankruptcy. She has been instrumental in assisting subchapter V debtors. Attorney Laudy Luna initially represented the debtors. Ms. Luna is a seasoned bankruptcy practitioner with significant chapter 11 experience.

The debtors, together, own seven residential and commercial rental properties. They derive their entire income from leasing these properties.

Several years of litigation in the Florida state courts preceded these bankruptcy cases. In 2018, Amy Stanley filed a complaint against each of the debtors, their principal Ariel Banegas, and another entity controlled by Ariel Banegas. Ms. Stanley alleged that she provided funds for the acquisition, improvement, and maintenance of the debtors' properties and sought judgment for the aggregate amount she allegedly invested. Ms. Stanley also argued that she was the true owner of the properties under theories of resulting trust and constructive trust, and in the alternative that she holds an equitable lien on the properties to secure her investments. Ms. Stanley filed claims in these cases based on the same theories, in an aggregate amount of more than $2.6 million. *See, e.g.*, Claim 7, Case No. 22-10741.

In these bankruptcy cases, Ms. Stanley opposed the debtors from the start. She quickly began discovery. *E.g.*, ECF Nos. 29, 30, 31. She objected to the retention of a real estate broker, claiming she is the true owner of the properties rather than the relevant

debtor. ECF Nos. 32, 47. Ms. Stanley sought to remove the debtors from operation of their businesses and place the subchapter V trustee in charge. ECF No. 57. This motion was eventually continued to the confirmation hearing to permit the parties to negotiate. But it was immediately clear that Ms. Stanley would be a significant impediment to reorganization in these cases, which are essentially a two-party dispute.

Early in these cases, the debtor Basa Investments sought authority on an emergency basis to enter into a new lease of a property in Orlando. ECF No. 61. Ms. Stanley opposed the motion, arguing among other things that she is the true owner of the Orlando property. ECF No. 68. The Court set the motion for evidentiary hearing on April 18, 2022. ECF No. 70. After a full day evidentiary hearing, the Court ruled that Ms. Stanley is not the true owner of the Orlando property in question, which is owned by the debtor Basa Investments. The Court overruled Ms. Stanley's other objections and granted the debtors' motion. ECF Nos. 92 (order), 337 (transcript of evidentiary hearing including oral ruling).

The Court's ruling that Ms. Stanley is not the true owner of a particular Orlando property was a significant victory for the debtors. Although the ruling affected only one of the debtors' seven properties, the parties seemed to acknowledge that the relevant evidence was likely to be the same for all of the properties.

In connection with the emergency motion to lease the Orlando property, the debtors argued that Ms. Stanley has no claims at all in these cases as the funds she provided were personal gifts to Ariel Banegas. While the Court stated that Ms. Stanley's advances in connection with the Orlando property appeared to be in the nature of investments, rather than gifts, the Court did not at that time formally allow Ms. Stanley's unsecured claim against Basa Investments as doing so was not necessary to the Court's granting the motion to approve the lease. Nevertheless, after the April 18, 2022 evidentiary hearing the parties appeared to acknowledge the significant likelihood that Ms. Stanley's claims would be

allowed, perhaps not in the full amounts stated but in amounts large enough to materially impact the debtors' ability to confirm a plan without Ms. Stanley's support. Contrary to Ariel Banegas's suggestion in several documents filed in this case, the Court has never ruled that Ms. Stanley is not a creditor in these cases.

The debtors' initial joint plan, filed on May 2, 2022, provided for no payment on Ms. Stanley's claims. ECF No. 109. The debtors took the position that Ms. Stanley's advances were gifts to Ariel Banegas and she had no compensable claims against the debtors. This first plan was obviously filed as the initial step in negotiations with Ms. Stanley. The Court expected the plan to be amended prior to confirmation. The Court set confirmation on June 22, 2022. ECF No. 111.

The Court's order setting these cases for confirmation was in the Court's standard form. Among other provisions, it stated: "At the Confirmation Hearing, the Court may also consider dismissal or conversion for other cause shown at the request of any party in interest or on the Court's own motion." The Court includes this provision in every order setting chapter 11 confirmation as dismissal or conversion are often appropriate if the debtor-in-possession fails to confirm a plan.

The parties attended a judicial settlement conference with Hon. Paul G. Hyman, Jr. in early April, and continued negotiating for several weeks thereafter, but eventually reached impasse in mid-May 2022. ECF No. 118. After these negotiations failed, Ms. Luna sought to withdraw as counsel to the debtors. ECF No. 124. From comments made then and later by the subchapter V trustee, counsel to Ms. Stanley and, to the extent permissible, Ms. Luna, it is clear to the Court that Ms. Luna felt compelled to withdraw because Ariel Banegas was unwilling to negotiate with Ms. Stanley in a reasonable manner consistent with the debtors' fiduciary duty. The Court understands that Ariel Banegas felt strongly about the merits of

the debtors' opposition to Ms. Stanley's claims. However, it is often necessary for debtors-in-possession to weigh other considerations, including whether they can afford to litigate.

With the debtors about to lose the assistance of Ms. Luna, Ms. Stanley renewed her request to supplant the debtors' management with the subchapter V trustee and, in the alternative, sought conversion of these cases to chapter 7. ECF No. 129. In that motion, Ms. Stanley argued that Ariel Banegas was both unwilling and unable to guide the debtors to a confirmable plan. The subchapter V trustee joined in Ms. Stanley's request, specifically asking that these cases be converted to chapter 7. ECF No. 146. This filing indicated to the Court that Ms. Yip, a neutral fiduciary with extensive experience who is well known to the Court, had lost confidence in Ariel Banegas and believed he should no longer be in charge of the debtors' reorganization effort.

In light of Ms. Luna's pending motion to withdraw, Ariel Banegas began filing documents on behalf of the debtors. ECF Nos. 132, 135, 136, 137, 138, 153, 154. Ariel Banegas is not a lawyer and is not authorized to file documents on behalf of the corporate debtors. The Court struck his filings consistent with longstanding federal law and Local Rule 9010-1(B)(1). ECF No. 162. Thus, at least as of May 19, 2022, the Court advised Ariel Banegas by order that the debtors must have counsel to take any action in these cases. The court approved Ms. Luna's withdrawal the following day. ECF No. 164.

Less than five weeks before the debtors' confirmation hearing set for June 22, 2022, the debtors were not represented by counsel and their only plan on file was facially unconfirmable. The debtors then retained Attorney Nicholas Bangos as their counsel. ECF Nos. 167, 168, 169, 171, 172, 181. Like Ms. Luna, Mr. Bangos is an experienced bankruptcy practitioner with significant chapter 11 practice. However, it would soon become apparent that, in spite of Mr. Bangos's skill and substantial efforts, the debtors' course of action would not materially change.

The Court initially set Ms. Stanley's motion to convert, joined in by the subchapter V trustee, on June 23, 2022, and moved the hearing on confirmation to that date as well.  ECF Nos. 191, 195.  Mr. Bangos filed formal objections to Ms. Stanley's claims.  ECF Nos. 208, 209, 210.  Because Ms. Stanley's claims were subject to objection, which would leave her without the ability to vote on the debtors' plan, Ms. Stanley filed a motion to temporarily allow her claims for voting purposes, and the Court set that motion with confirmation.  ECF Nos. 227, 228.

About a week prior to the confirmation hearing, Mr. Bangos filed an amended plan for the debtors.  ECF No. 231.  This amended plan represented a material change in the debtors' approach to Ms. Stanley's claims.  Unlike the debtors' original plan, the amended plan provided for the transfer of certain properties to Ms. Stanley depending on the eventual liquidation of her claims.  The Court understood this to parallel ongoing negotiations between the parties.  Mr. Bangos's apparent strategy was to confirm a plan providing alternative treatment for Ms. Stanley's claims, depending on their eventual allowance or disallowance, and follow confirmation with either litigation of Ms. Stanley's claims or settlement.  This was a reasonable approach for the debtors in light of the potentially significant cost of litigating with Ms. Stanley.

Because the amended plan was filed shortly before the scheduled confirmation hearing, Mr. Bangos sought to continue the confirmation hearing to permit creditors to review it.  ECF No. 233.  The Court considered that motion at the start of the confirmation hearing on June 23, 2022 and granted it, continuing the confirmation hearing to July 14, 2022, and continuing the motion to convert to the same date.  ECF No. 259.  Because of ongoing negotiations with Ms. Stanley, the Court also authorized the debtors to file and serve a further amended plan.  The debtors later sought and obtained a short extension of the time

to file that further amended plan. ECF Nos. 262, 265. At that time, negotiations were ongoing with the assistance of the subchapter V trustee.

Mr. Bangos filed a further amended plan for the debtors on July 7, 2022, consistent with the extended deadline. ECF No. 266. As with the prior amended plan, the further amended plan contemplated the possibility that Ms. Stanley's claims would be allowed in significant amounts and provided alternative treatment. However, it soon became apparent that Ms. Stanley had not agreed to the further amended plan [ECF Nos. 270, 271] and that it was not confirmable over Ms. Stanley's objection.

On July 13, 2022, the day before the continued confirmation hearing, Mr. Bangos filed a motion to withdraw as debtors' counsel. ECF Nos. 276, 277, 278. The Court set it for hearing the following day along with continued confirmation. Although Mr. Bangos was necessarily circumspect as to why he sought to leave the case, during the course of the hearing his reasons became clear. The subchapter V trustee explained that Ariel Banegas insisted on provisions in the plan that would make it not confirmable. The subchapter V trustee conceded that even the debtors' most recent plan was not confirmable without Ms. Stanley's consent. The subchapter V trustee also stated that Ariel Banegas wanted to litigate Ms. Stanley's claims, but that alleged falsification of emails that would be part of the documentary evidence would require the debtors to retain computer forensic experts and incur significant attorneys' fees, expenses the debtors would be unable to bear. The subchapter V trustee stated that she believed counsel for the debtors and Ms. Stanley both understood Ms. Stanley's claims likely would be allowed as unsecured claims in an aggregate amount at least representing the sums she advanced. The subchapter V trustee informed the Court that she and Mr. Bangos had met with Ariel Banegas and tried to explain to him the circumstances of the case, specifically warning Ariel Banegas that if he insisted on his

intended course of action for the debtors, and Mr. Bangos withdrew, that this was likely to result in dismissal or conversion of the debtors' cases.

At the continued confirmation hearing on July 14, 2022, the Court granted Mr. Bangos's motion to withdraw. Both Ms. Stanley and the subchapter V trustee asked the Court to convert the debtors' cases. Ms. Stanley's motion to convert, joined in by the subchapter V trustee, was before the Court that day. In addition, the Court had explicitly warned the debtors in the initial order setting confirmation that their cases may be dismissed or converted at the confirmation hearing. ECF No. 111. After considering the course of these cases, the Court found cause under 11 U.S.C. § 1112 and determined that conversion rather than dismissal was in the best interests of creditors and the estate.

On July 14, 2022, the Court entered an order converting these cases, incorporating the Court's oral ruling at the hearing. ECF No. 287. Michael Bakst was appointed as chapter 7 trustee. ECF No. 288.

**Post-Conversion Activity**

Almost immediately after entry of the conversion order, Ariel Banegas filed a motion on behalf of the debtors asking the Court to vacate the conversion order. ECF No. 291. The Court denied that motion in a written order. ECF No. 304. The Court notes that the conversion order was not appealed, the deadline to appeal expired long ago, and so the conversion order is final and no longer subject to appeal.

Ariel Banegas filed a series of additional motions asking the Court to either vacate the conversion order or dismiss the debtors' cases. ECF Nos. 306, 330, 333. He supplemented these motions with a motion to disqualify the presiding judge. ECF Nos. 348. In these and numerous other filings, in increasingly strident language, Ariel Banegas blamed the Court's rulings on what he claims is the bad intent of the presiding judge. There is nothing to support those allegations. All of these motions were denied. *See, e.g.,* ECF Nos. 350, 371, 374.

Upon conversion of these jointly administered cases, the chapter 7 trustee obtained sole authority over the management and control of the debtors' rental properties. No other person or entity, including Ariel Banegas, retained any authority with regard to the debtors' assets.

Since conversion of these cases, Ariel Banegas has actively and repeatedly interfered with the trustee's administration of the estates. On July 26, 2022, only 12 days after conversion of these cases, the trustee filed his first request that the Court hold Ariel Banegas in contempt for violation of the automatic stay. ECF Nos. 324, later supplemented by 361. Within days after conversion, Ariel Banegas had executed seven deeds in the names of the debtors, attempting to transfer all of the debtors' properties to his former spouse, Astrid Banegas, and had recorded those deeds. Even after the trustee filed and served his first contempt motion, Ariel Banegas continued to contact tenants at the debtors' properties, demanded that they sign new leases with him or Astrid Banegas, and demanded that they pay rent to him or Astrid Banegas and not to the trustee. Prior to the hearing on the trustee's first motion for contempt, Ariel Banegas went so far as to break into one of the leasehold premises twice in one night, remove valuable personal property, and sabotage the air conditioning system.

The Court set a hearing on August 16, 2022 to consider the trustee's first request for contempt against Ariel Banegas, along with certain other motions. In light of the seriousness of the allegations, the Court required all parties to attend the hearing in person. ECF No. 335. The trustee, counsel for the trustee, counsel for Ms. Stanley, and counsel for the United States Trustee appeared at the hearing. Ariel Banegas did not appear. After presentation, the Court entered its first order holding Ariel Banegas in contempt. ECF No. 393.

In the first contempt order against Ariel Banegas, the Court declared void *ab initio* each of the seven deeds executed and recorded by Ariel Banegas after conversion of these

cases, purporting to transfer all of the debtors' properties to Astrid Banegas. The Court ruled that the properties remain property of the bankruptcy estates, free and clear of any claim of Astrid Banegas. The Court held Ariel Banegas in immediate contempt of court for issuing and recording the deeds and for attempting to transfer the properties to Astrid Banegas. The Court further ordered Ariel Banegas to:

> cease and desist from (i) going to and/or entering the Debtors' Properties, (ii) asserting or obtaining or attempting to obtain ownership, possession, authority, or control over the Properties and/or their proceeds (including rent) or contents, (iii) obtaining possession of personal property from the Congress Ave. Property, (iv) contacting or communicating with tenants of the Properties ("Tenants"), (v) attempting to convince Tenants that the Trustee is acting "unlawfully" or has no authority over the Properties and/or their proceeds or to collect rent, (vi) attempting to collect rent for the Properties or to convince Tenants to sign a new lease, (vii) refusing to turn over and/or retaining keys to the Properties, (viii) threatening the Trustee with the use of force or weapons, or otherwise intimidating the Trustee, and (ix) interfering with the Trustee's management of the Properties.

The Court granted the trustee the assistance of the United States Marshals Service to gain access to and control over the properties. The Court set a hearing for Ariel Banegas to show cause why he should not be further held in contempt of court, and sanctioned, for willful and intentional violations of the automatic stay pursuant 11 U.S.C. § 362(a) consisting of the actions outlined in the block quote, above.

Because Astrid Banegas was the attempted recipient of the void deeds of the debtors' seven properties, the trustee served the first contempt order on Astrid Banegas as well as Ariel Banegas. ECF No. 395. Thus, Astrid Banegas had notice of the Court's ruling that she does not own any of the debtors' properties and also that interference with the trustee's management of the properties constitutes a violation of the automatic stay.

Nevertheless, Astrid Banegas violated the automatic stay and this Court's orders by filing and actively prosecuting, as the alleged owner of the debtors' properties, Florida state

court eviction actions against the debtors' tenants Atlas JSM Group, Inc., Premier Home Finance Corp., and CAT5 Resources. This prompted the Trustee to file an expedited motion for contempt against Astrid Banegas on September 15, 2022. ECF No. 415.

On September 21, 2022, the Court held hearings on the further contempt of Ariel Banegas and the trustee's motion for contempt against Astrid Banegas. Neither Ariel Banegas nor Astrid Banegas appeared at the hearing. The Court received evidence that Ariel Banegas continued to assert ownership and control over estate property, contacted tenants in an attempt to convince them the trustee was acting unlawfully, and collected rent from tenants, among other contumacious actions. The Court also heard testimony and received evidence that Ariel Banegas had entered one of the debtors' properties twice in one night, removed valuable personal property, and sabotaged the air conditioning system. The Court found Ariel Banegas in continuing contempt of the Court's prior orders and also held Ariel Banegas in contempt for knowing and willful violations of the automatic stay. ECF No. 431. By separate order, the Court held Astrid Banegas in contempt of court for pursuing unauthorized evictions of the debtors' tenants. ECF No. 423. The Court ordered Astrid Banegas to, among other things, cease interfering with the trustee's administration of property of the estate and obtain swift dismissal of the three pending eviction actions against the debtors' tenants.

At the September 21, 2022 hearing, one of the debtors' tenants testified that the police had refused to arrest Ariel Banegas for trespass because they were unable to determine whether Ariel Banegas had authority to enter the leasehold premises. As a result, the Court issued the *Order Confirming Authority of Chapter 7 Trustee* [ECF No. 422] explaining that the trustee, and only the trustee, has authority to manage the debtors' properties and advising that persons entering any of the leasehold premises without the consent of the tenant, the trustee, or the Court, are trespassing. The order specifically stated that Ariel

Banegas, Astrid Banegas, and their agents and representatives, may not enter the properties without the trustee's permission.

## Trustee's Motions for Criminal Contempt

In the trustee's motions now before the Court [ECF Nos. 436 and 437], the trustee provides evidence that Ariel Banegas and Astrid Banegas continue to knowingly and purposefully violate the Court's orders, which they have referred to in writing as "worthless" and "unlawful." The trustee provides email correspondence in which Ariel Banegas and Astrid Banegas demand that the debtors' tenants pay rent only to them and ignore the trustee. The trustee provides evidence that Ariel Banegas personally threatened one of the debtors' tenants, demanded that she sign a back-dated lease with Astrid Banegas as owner, and hung a locked chain across the property's driveway preventing the tenant from removing her vehicle. Astrid Banegas filed documents with the State of Florida purporting to dissolve the debtors. In addition, contrary to the order holding her in contempt, Astrid Banegas continues to prosecute the eviction actions against three of the debtors' tenants, attempting to evict them from the debtors' properties because they properly paid rent to the trustee rather than to Ariel or Astrid Banegas.

Ariel Banegas has previously threatened the trustee, by e-mail, that he would have an armed group at the debtors' properties. Ariel Banegas has menaced employees of the clerk's office, at the intake desk, to such an extent that the clerk requested that a court security officer escort Ariel Banegas at any time he is in the courthouse. Ariel Banegas is a debtor in his own chapter 7 case, which was converted from chapter 13, pending before a different judge. Case No. 22-12467-MAM. He has acted similarly in that case.

## Recommendation to the District Court

Directly contrary to multiple orders of this Court, entered after ample notice, Ariel Banegas and Astrid Banegas have repeatedly attempted to exercise, and have actually

exercised, control over assets of these bankruptcy estates, and have repeatedly interfered with the trustee's management of the debtors' properties. They openly defy the Court's orders. Further orders of civil contempt and monetary sanctions are unlikely to deter them.

The Court recommends that the District Court set a hearing on the trustee's motions for criminal contempt, and direct Ariel Banegas and Astrid Banegas to show cause why they should not be incarcerated for a minimum of 30 days for their willful and repeated violations of orders of the Court, be ordered to comply with all affirmative provisions of prior orders entered by this Court or suffer further incarceration, and be ordered to pay additional monetary sanctions to compensate the trustee for prosecuting the motions. In light of concerns of the debtors' tenants, who rightfully fear that Ariel Banegas in particular may cause damage to their property or their persons, the Court asks that the District Court consider this matter on an expedited basis.

**Order**

With the Court being fully advised in the premises, it is ORDERED and ADJUDGED as follows:

1. The clerk is directed to transmit this Order and copies of the following documents to the District Court for further consideration:

    a. *Trustee's Emergency Verified Motion for Order: (1) Enforcing Contempt Order [ECF No. 431] and Order Confirming Authority of Chapter 7 Trustee [ECF No. 422]; (2) Holding Ariel Banegas in Further Contempt of Court and/or Finding that He Remains in Contempt of Court; (3) Holding Ariel Banegas in Criminal Contempt; (4) Ordering the Apprehension and Incarceration of Ariel Banegas; and (5) for Additional Monetary Sanctions against Ariel Banegas* [ECF No. 436]; and

    b. *Trustee's Emergency Verified Motion for Order: (1) Enforcing Contempt Order [ECF No. 423]; (2) Holding Astrid Carolina Banegas a/k/a Astrid Carolina Daza in Further Contempt of Court and/or Finding that She Remains in Contempt of Court; (3) Holding Astrid Carolina Banegas a/k/a Astrid Carolina Daza in Criminal Contempt; (4) Ordering the Apprehension and Incarceration of Astrid Banegas; and (5) for Additional Monetary Sanctions Against Astrid Banegas* [ECF No. 437].

2. The Court refers this matter for investigation of additional potential violations of the criminal provisions of 18 U.S.C. §§ 152(1), (5), (7), and (9). The clerk is directed to send copies of this Order and the two motions listed in paragraph 1, above, to:

>  Office of the U.S. Trustee
>  ATTN: Office of Criminal Enforcement
>  George C. Young Federal Building and Courthouse
>  400 W. Washington Street, Suite 1100
>  Orlando, FL 32801

3. The Court will take no further action on the motions listed in paragraph 1, above, pending direction of the District Court.

### 

Copies by the clerk to Ariel Banegas, Astrid Banegas, and all parties in interest.