## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION
**www.flsb.uscourts.gov**

In re:                                         Case No.: 22-10741-EPK

                                               Chapter 7

**BASA INVESTMENTS LLC, et al.**

                                               **(Jointly Administered)**

        Debtors.[1]

_____/

### TRUSTEE'S EMERGENCY VERIFIED MOTION FOR ORDER: (1) ENFORCING CONTEMPT ORDER [ECF NO. 431] AND ORDER CONFIRMING AUTHORITY OF CHAPTER 7 TRUSTEE [ECF NO. 422]; (2) HOLDING ARIEL BANEGAS IN FURTHER CONTEMPT OF COURT AND/OR FINDING THAT HE REMAINS IN CONTEMPT OF COURT; (3) HOLDING ARIEL BANEGAS IN CRIMINAL CONTEMPT; (4) ORDERING THE APPREHENSION AND INCARCERATION OF ARIEL BANEGAS; AND (5) FOR ADDITIONAL MONETARY SANCTIONS AGAINST ARIEL BANEGAS

### Hearing Requested on or Before October 14, 2022

### Reason for the Emergency

The Trustee respectfully requests an emergency hearing on this Motion because Ariel Banegas has not only failed to comply with the Court's Contempt Order, but he continues to flagrantly violate it. Among other conduct since the entry of the Contempt Order, Ariel Banegas has continued to harass tenants for payment of rent until they call the police (and undersigned counsel). Unfortunately Ariel Banegas has not respected or complied with the Court's less-severe alternatives imposed and brazenly continues with his contemptuous conduct, causing further damage to the estates and their tenants. Accordingly, the Trustee requests a hearing on this Motion on or before **October 14, 2022**.

The Trustee ("Trustee"), Michael, R. Bakst, Trustee in Bankruptcy for Basa Investments, LLC, et al, by and through undersigned counsel, hereby moves the Court for the entry of an order Enforcing its Contempt Order Against Ariel Banegas and its Order Confirming Authority of

---

[1] In addition to Basa Investments, LLC, the other debtors in these jointly administered chapter 7 cases are: Shepherd Realty Investments, Inc., and Damaca Investments, LLC.

Chapter 7 Trustee; Holding Ariel Banegas in Further Contempt of Court and/or Finding that He Remains in Contempt of Court; Holding Ariel Banegas in Criminal Contempt; Ordering the Apprehension and Incarceration of Ariel Banegas; and for Additional Monetary Sanctions.   In support, the Trustee states as follows:

### Procedural History and Facts

1.　　On January 31, 2022 Basa Investments, LLC (the "Basa Debtor") filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.

2.　　On March 16, 2022, Shepherd Realty Investments, Inc. (the "Shepherd Debtor") filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, commencing case number 22-10283-EPK.

3.　　Also on March 16, 2022, Damaca Investments, LLC (the "Damaca Debtor", and together with the Shepherd Debtor and the Basa Debtor, the "Debtors") filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida, commencing case number 22-10284-EPK.

4.　　On March 22, 2022, the Court ordered that Debtors' bankruptcy cases be jointly administered, designating as the "lead case" the case styled *In re Basa Investments, LLC*, No. 22-10741-EPK [ECF No. 51].

5.　　On July 14, 2022, the cases were converted to ones under Chapter 7 [ECF No. 287].

6.　　On July 15, 2022, Michael R. Bakst was appointed as the Chapter 7 Trustee [ECF No. 288].

2

7.     On July 24, 2022, the Trustee filed his *Verified Motion (1) for Order to Show Cause and for Contempt for Violation of the Automatic Stay Pursuant to 11 U.S.C. §362(a) and/or 11 U.S.C. §105, Against Ariel Banegas; (2) to Enforce the Automatic Stay Pursuant to 11 U.S.C. §362; (3) to Prevent Interference in Trustee's Administration of Estate and to Order Ariel Banegas to Cease and Desist Pursuant to 11 U.S.C. §105; (4) to Direct U.S. Marshal to Accompany Trustee and/or Trustee's Realtor to Debtors' Properties; and (5) to Compel Ariel Banegas to Cooperate with the Trustee Pursuant to Fed.R.Bankr.P. 4002(4)* [ECF No. 324] (the "Contempt Motion").

8.     The hearing on the Contempt Motion was scheduled for August 16, 2022 at 11:00 a.m.

9.     After the filing of the Contempt Motion, and before the hearing thereon, the Trustee discovered that on July 18, 2022, three days (one business day) after the Trustee was appointed, Ariel Banegas attempted to transfer all of the Debtors' Real Properties to his ex-wife, Astrid Banegas, through the recording of fraudulent quit claim deeds (the "Deeds"), in violation of the automatic stay, among other violations.  See Adversary Complaint filed by Trustee against Astrid Banegas, commencing Adversary Proceeding 22-01223-EPK.

10.     The Trustee brought this to the Court's attention in his *Supplement to Trustee's Verified Motion (1) for Order to Show Cause and for Contempt for Violation of the Automatic Stay Pursuant to 11 U.S.C. §362(a) and/or 11 U.S.C. §105, Against Ariel Banegas; (2) to Enforce the Automatic Stay Pursuant to 11 U.S.C. §362; (3) to Prevent Interference in Trustee's Administration of Estate and to Order Ariel Banegas to Cease and Desist Pursuant to 11 U.S.C. §105; (4) to Direct U.S. Marshal to Accompany Trustee and/or Trustee's Realtor to Debtors' Properties; and (5) to Compel Ariel Banegas to Cooperate with the Trustee Pursuant to*

*Fed.R.Bankr.P. 4002(4) [ECF No. 324]* [ECF No. 361] (the "Supplement"), which the Trustee filed on August 15, 2022.

11.     The Court heard the Contempt Motion along with the Supplement on August 16, 2022.  Neither Ariel Banegas nor Astrid Carolina Banegas appeared at the hearing.

12.     On August 26, 2022, the Court entered its *Order Granting Trustee's Verified Motion (1) for Order to Show Cause and for Contempt for Violation of the Automatic Stay Pursuant to 11 U.S.C. §362(a) and/or 11 U.S.C. §105, Against Ariel Banegas; (2) to Enforce the Automatic Stay Pursuant to 11 U.S.C. §362; (3) to Prevent Interference in Trustee's Administration of Estate and to Order Ariel Banegas to Cease and Desist Pursuant to 11 U.S.C. §105; (4) to Direct U.S. Marshal to Accompany Trustee and/or Trustee's Realtor to Debtors' Properties; and (5) to Compel Ariel Banegas to Cooperate with the Trustee Pursuant to Fed.R.Bankr.P. 4002(4)* [ECF No. 393] (the "Show Cause Order").

13.     First and foremost, the Show Cause Order held Ariel Banegas in immediate contempt for issuing post petition post conversion deeds, in an attempt to outright steal property from the estates.

14.     Among other things, the Show Cause Order held that the post-petition, post-conversion Deeds (defined therein), and any transfer or attempted transfer of the Real Properties to Astrid Carolina Banegas pursuant to the post-petition, post-conversion Deeds, are VOID *ab initio*, and of no legal effect, as having been attempted, issued and recorded in violation of the automatic stay pursuant to 11 U.S.C. §362.

15.     Pursuant to the Show Cause Order, the Court ruled that the Real Properties are, have been, and remain property of the bankruptcy estates pursuant to 11 U.S.C. §541(a), free and clear of any claim of Astrid Carolina Banegas.

16.     In addition, the Show Cause Order enforced the automatic stay and ordered Ariel Banegas to cease and desist from (i) going to and/or entering the Debtors' Properties, (ii) asserting or obtaining or attempting to obtain ownership, possession, authority, or control over the Properties and/or their proceeds (including rent) or contents, (iii) obtaining possession of personal property from the Congress Ave. Property, (iv) contacting or communicating with tenants of the Properties, (v) attempting to convince Tenants that the Trustee is acting "unlawfully" or has no authority over the Properties and/or their proceeds or to collect rent, (vi) attempting to collect rent for the Properties or to convince Tenants to sign a new lease, (vii) refusing to turn over and/or retaining keys to the Properties, (viii) threatening the Trustee with the use of force or weapons, or otherwise intimidating the Trustee, and (ix) interfering with the Trustee's management of the Properties.

17.     Finally, the Show Cause Order specifically ordered that the Debtors, and any of their current or former employees, agents, representatives, shareholders, members, managers, officers, and/or directors, and any other persons or entities affiliated or formerly affiliated with the Debtors, *and Ariel Banegas*, are prohibited from remaining in or entering the Properties and/or interfering with the Trustee's efforts to administer the Properties and their proceeds or contents.

18.     The Show Cause Order also set a show cause hearing on September 21, 2022 at 11:00 a.m. (the "Show Cause Hearing"), for which the Court ordered Ariel Banegas to appear in person.

19.     On August 26, 2022[2], undersigned counsel sent the Show Cause Order to Ariel Banegas by email reiterating that he has no authority over the Real Properties or their proceeds and requesting that he immediately stop going to the properties, stop communicating with tenants, and stop trying to collect rent.     Undersigned counsel also advised Ariel Banegas that she was

---

[2] On August 29, 2022, the Trustee served the Show Cause Order on Ariel Banegas by regular U.S. Mail [ECF No. 395].

aware that he had been posting lease termination notices on tenants' doors for failure to pay rent to him (or Astrid Banegas), and that the Show Cause Order orders him to cease and desist, that his actions are in violation of the automatic stay, and he should stop sending notices to tenants.

20.    Ariel Banegas obstinately refused to acknowledge the Show Cause Order, responding, "that order is worthless…" See email chain attached as Exhibit "1" to [ECF No. 415].

21.    When the Trustee's process server attempted to serve various documents and orders upon Ariel Banegas and Astrid Banegas, Ariel Banegas brandished a firearm, threw the documents on the process server's car, and evaded a law enforcement officer by driving around him on the grass. See [Adv. Proc. 22-01223 ECF No. 12 ].

22.    On September 21, 2022, the Court conducted the Show Cause Hearing.  Ariel Banegas *did not* appear at the Show Cause Hearing.

23.    On September 22, 2022, the Court entered its *Order Confirming Authority of Chapter 7 Trustee* [ECF No. 422], in which the Court ordered that:

> As of July 14, 2022, the Trustee has sole and exclusive power to manage the Properties.  No other person or entity (including, without limitation Ariel Banegas and Astrid Carolina Bangeas a/k/a Astrid Carolina Daza) has any right to manage the Properties.
> Each and every tenant of the Properties shall pay rent solely to the Trustee and not to any other person or entity…. No other person or entity may seek to collect rent from the tenants.
> **POLICE PLEASE TAKE NOTICE:** Neither Ariel Banegas nor Astrid Carolina Banegas a/k/a Astrid Carolina Daza, themselves or through any agents or representatives, has the right to enter any of the Properties without the express written consent of the Trustee or this Court. If Ariel Banegas, Astrid Carolina Banegas a/k/a Astrid Carolina Daza, themselves or through any agents or representatives, or any person or entity acting in their behalf, enters any of the Properties without the express written consent of the Turstee or this Court, such entry constitutes a trespass.  Any such person or persons shall be subject to criminal prosecution.

6

24.     The Trustee served the Order Confirming Authority of Chapter 7 Trustee upon Ariel Banegas by Regular U.S. Mail on September 26, 2022 [ECF No. 427].

25.     On September 30, 2022, the Court entered its *Order Holding Ariel Banegas in Contempt of Court* (the "Contempt Order") [ECF No. 431].

26.     The Contempt Order held Ariel Banegas in immediate contempt for knowing and willful violations of the automatic stay under 11 U.S.C. §362(a), for:

(a)     Entering at least one of the Debtors' real properties (the Congress Ave. Property) twice, without authority;

(b)     Asserting ownership and control over the Debtors' properties, including not just the physical real properties, but the rent derived from those properties, and personal property located within the real estate that was subject to ongoing leases that are now completely within control of the Trustee;

(c)     Taking possession of personal property from the Congress Ave. Property (as defined in the Show Cause Order), specifically a very large copier/fax machine/scanner;

(d)     Continuing to contact tenants, sometimes threateningly, repeatedly by email, apparently in person, and also by text message;

(e)     Repeatedly attempting to convince tenants of the Debtors' properties that the Trustee is acting unlawfully, where the Trustee is the only person authorized to act on behalf of the three Debtors with regard to the management of the seven properties involved in this case;

(f)     Repeatedly attempting to collect rent from the tenants of the Debtors' real properties and to convince the tenants to sign new leases, and apparently successfully obtaining some new leases and collecting some rents;

(g)     Assisting the alleged "new owner," Astrid Banegas, his former spouse, in moving in the state court with complaints to seek to evict the tenants who have the temerity to actually comply with the law and pay the rent to the Trustee, rather than to him on behalf of the alleged "new owner," whom this Court has already ruled has no interest in any the estates' seven real properties.

(h)     Threatening the trustee in writing by email.

7

27.     The Contempt Order also found Ariel Banegas in contempt for failing to comply with paragraph 14 of the Show Cause Order, which required Ariel Banegas to cooperate with the Trustee pursuant to Fed.R.Bankr.P. 4002(4) by refraining from further interference with the Trustee's management of the Properties, and by turning over to the Trustee the following:

(a)     the Properties and all keys and copies of keys;

(b)     the Debtors' books, records, documents, including, without limitation, lease agreements, shareholder agreements, operating agreements, bylaws, membership agreements, utility bills, insurance policies, information, including, without limitation, vendor information, tenant information, contact names, emails addresses and phone numbers, as well as logins, usernames, and passwords, for, without limitation, computers, servers, email accounts, online banking portals, the Debtors' data, computers;

(c)     a list of items Ariel Banegas took from the Congress Ave. Property when he entered in the late evening hours of August 8, 2022 and early morning hours of August 9, 2022, along with proof that Ariel Banegas owns and paid for such items.

(d)     a list of items that Ariel Banegas alleges belong to him which are allegedly still located in the Congress Ave. Property, along with proof that Ariel Banegas owns and paid for such items.

28.      The Contempt Order warned Ariel Banegas that if he continues to engage in the acts set forth above and in the Show Cause Order, for which the Contempt Order found him in contempt, and/or fails to refrain from further interference with the Trustee's management of the Debtors' properties and turn over to the Trustee the items referenced in paragraph six (6) of the

Contempt Order and in the Composite Exhibit "A" to the Motion for Contempt, the Court reserves jurisdiction to consider requests for potential further civil sanctions, for potential criminal sanctions, and for apprehension by the U.S. Marshal Service and incarceration.

29.     The Trustee served the Contempt Order on Ariel Banegas by email on September 30, 2022, and by Regular U.S. Mail on October 3, 2022 [ECF No. 433].

**Ariel Banegas has not only Failed to Comply with the Requirements
of the Contempt Order, but Continues to Violate the Contempt Order
and the Order Confirming Authority of Chapter 7 Trustee**

30.     Specifically, as of the date of this Motion, Ariel Banegas has failed provide to the Trustee any if the items listed in paragraph six (6) and eight (8) of the Contempt Order.

31.     Ariel Banegas has _not_ contacted the Trustee and indicated an intent to comply.

32.     To the contrary, and worse, not only has Ariel Banegas failed to comply with the Contempt Order requirements, but he has continued to flagrantly violate the Contempt Order and the Order Confirming Authority of Chapter 7 Trustee.

33.     For example, on October 4, 2022 and October 5, 2022, Ariel Banegas sent to the Trustee, Javier Gomez of Atlas JSM Group, Inc., and all of his real estate agents, as well as Humberto De La Cruz of Premier Home Finance Corp., the estates' tenants at the Congress Ave. Property (collectively the "Tenants"), the emails attached hereto as Exhibits "1" and "2".  The emails are comical and amateurish,  copying them on an email to a phantom person about harassment by the clerks, alteration of evidence by the courts, and removing eviction cases that "he won", and then later claiming that he sent it to the "wrong chain of emails"—several times. Such elementary tactics are unfortunately very transparent in their attempts to convince any unsophisticated reader that he has legitimate claims for damages as a victim, or some right to the

properties (because he won the eviction actions which the Court ordered to be dismissed), and that it is the Trustee that is acting unlawfully.

34. On October 5, 2022, Ariel Banegas then sent the email attached hereto as Exhibit "3", demanding of "Bakst and Carnahan" that they "return the money earned from rents in the DIP Accounts before the properties were transferred to his (sic) rightful owner Ariel Banegas, immediately, as the other Trustees have done. You have no right to withhold property from Mr. Banegas."

35. Worse, and perhaps most shameful, on the evening of October 6, 2022, Ariel Banegas went to the MLK B Property to collect (steal) rent from a [senior] tenant, Manita Hendrix, and mercilessly bullied her for rent money to the point where she called undersigned counsel for help, in tears, and then the police.

36. Ms. Hendrix has advised undersigned counsel that Ariel Banegas asked her to execute a new lease with Astrid Banegas, and that it was backdated to July 12, 2022, even though he asked her to execute it after that date. Apparently Ariel Banegas did not give Ms. Hendrix a copy of the fraudulent lease.

37. Ms. Hendrix believes that Ariel Banegas also asked the elderly couple next door in unit "A" to execute a new lease with Astrid Banegas, and that he has convinced them that the Trustee is acting unlawfully and that the United States Supreme Court has accepted Ariel Banegas's case for discrimination.

38. Despite that Ariel Banegas successfully stole her money for August and September rent (from her and from the estates) by directing that she pay rent to Astrid Banegas through zelle, after Ms. Hendrix recently received documents from the Trustee and from the Court, she advised Aril Banegas that she would not pay rent for October and is moving.

39. Afterward, Ariel Banegas incessantly rang her doorbell and banged on the door to to harass her into submission. Ariel Banegas's relentless conduct is caught on video, which undersigned counsel will display at the hearing for the Court.

40. When Ms. Hendrix advised Ariel Banegas through the door that she was calling the police, Ariel Banegas is seen and heard on the video, completely undeterred, mocking her, and shouting that "the cops never came. I'm waiting on them… Call the cops while I'm here, okay, I'll be doing some work, I would love to have a word with them and see if they arrest me. Call them. Call the cops. Yeah, yeah, where are they? You owe me money." Disgustingly, in the face of the Court's (1) Order Confirming Authority of Chapter 7 Trustee and (2) Contempt Order, Ariel Banegas persists and remains arrogantly confident that he will not be arrested for this behavior or for violating those orders.

41. Ariel Banegas even strung a chain across the parking lot entrance to the MLK Property so that cars (importantly, Ms. Hendrix's) cannot get in or out. In the video, he then banged on her door again to taunt her with a key to the lock on the chain (presumably to be given to her if she pays October rent). Ms. Hendrix sent to undersigned counsel the picture of the chain across the parking lot attached hereto as Exhibit "4".

42. Ariel Banegas also threatened Ms. Hendrix that he will change the locks on her residence.

43. Ms. Hendrix told undersigned counsel that Ariel Banegas then "camped out" in the parking lot, parking his car behind hers, visibly sitting there so that she could not leave in order to scare her. Cowardly, though not surprisingly, Ariel Banegas did *not* wait for the police to arrive, as he said he would, because when they did, he was gone. The police lowered the chain so that

cars could drive over it, and advised Ms. Hendrix that if Ariel Banegas returns to the property to call them.

44.     Now Ms. Hendrix is afraid to leave to go to work, for fear that she will be locked out when she returns home.

45.     Ariel Banegas continues to deliberately, intentionally, willfully, and in bad faith, violate not only the automatic stay, but this Court's Orders, namely the Contempt Order and the Order Confirming Authority of Chapter 7 Trustee.

## **Requested Relief**

The Trustee requests that this Court enter an order (1) enforcing its Contempt Order, its Order Confirming Authority of Chapter 7 Trustee, and the automatic stay (again); (2) holding Ariel Banegas in further contempt of court and/or finding that he remains in contempt of court; (3) holding Ariel Banegas in criminal contempt; (4) directing the United States Marshals Service to apprehend and incarcerate Ariel Banegas; and (5) entering additional monetary sanctions against Ariel Banegas, including without limitation, sanctions in the amount of $500 per day from October 4, 2022 forward, as well as attorneys fees and costs incurred by the Trustee in preparing and prosecuting this Motion.

"Bankruptcy Courts have both the inherent and statutory power to impose civil contempt sanctions to coerce compliance with lawful orders", *see Lawrence v. Goldberg (In re Lawrence)*, 279 F.3d 1294, 1297 (11th Cir. 2002), which include the automatic stay under 11 U.S.C. §362(a) and other court orders.   Importantly, "section 105 of the Bankruptcy Code grants bankruptcy courts statutory authority to 'issue any order, process, or judgment that is necessary and appropriate to carry out the provisions of this title.' 11 U.S.C. § 105(a). The Eleventh Circuit reads these statutory powers broadly: 'The language of § 105 encompasses 'any type of order, whether

injunctive, compensatory or punitive,' as long as it is 'necessary or appropriate to carry out the provisions of' the Bankruptcy Code.'" *See In re Tate*, 521 B.R. 427, 439-40 (Bankr.S.D.Ga. 2014), *citing In re Jove Eng'g v. IRS,* 92 F.3d 1539, 1555 (11ᵗʰ Cir. 1996).

"The imposition of incarceration to sanction contempt is not limited to criminal contempt." *See In re Tate*, 521 B.R. 427, 441 (Bankr.S.D.Ga. 2014), citing *Int'l Union v. Bagwell*, 512 U.S. 821, 827-829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994).  The court in *Tate* provides in its ruling a comprehensive discussion of the law in the Eleventh Circuit on this issue.  Critically, the court in *Tate* held that:

> A bankruptcy court may validly exercise its civil contempt power to order coercive incarceration sanctions so long as three conditions are satisfied…First, the contemnor must always be able to purge the contempt through compliance…Second, civil contempt sanctions imposed to coerce compliance with a court order 'cannot be any greater than necessary to ensure such compliance' and may not be so excessive as to be punitive in nature'...Finally, the contemnor's incarceration must remain coercive: 'When civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights…' The Eleventh Circuit has upheld an order of incarceration, but cautioned 'although incarceration for civil contempt may continue indefinitely, it cannot last forever.'

*In re Tate*, 521 B.R. 427, 441-42 (Bankr.S.D.Ga. 2014)(citations omitted).

Accordingly, the Trustee requests that the Court find Ariel Banegas in further civil contempt and/or that he remains in civil contempt for willfully, intentionally, and in bad faith, violating the Contempt Order and the Order Confirming Authority of Chapter 7 Trustee, and for continuing to violate the automatic stay, by (a) entering the MLK Property, without authority, (b) asserting ownership and control over the Debtors' properties, such as the MLK Property, including not just the physical real property, but the rent derived from the real property, (c) continuing to contact tenants, by email and in person,  (e) continuing to harrass tenants, (f) attempting to convince tenants of the Debtors' properties that the Trustee is acting unlawfully, (g) continuing to

collect and attempt to collect rent from the tenants of the Debtors' real properties, (h) continuing to interfere with the Trustee's management of the Debtors' real properties, (i) failing to turn over to the Trustee the items set forth above.

The Trustee requests that the Court direct the United States Marshal Service to apprehend Ariel Banegas and that the Court order his incarceration, either indefinitely until he complies with the Contempt Order and the Order Confirming Authority of Chapter 7 Trustee, or for a specified period of time with the Court to reconsider such incarceration at reasonable intervals. While the Trustee is loath to be forced to request such a sanction, unfortunately Ariel Banegas has confirmed by his actions that less severe alternatives have failed and are doomed to fail. Ariel Banegas has made clear that he does not respect the law, law enforcement officers, the Court or its orders, or the Trustee, and pretends as if this bankruptcy case has been dismissed.

Lastly, the Trustee requests that the Court award to the Trustee additional monetary sanctions against Ariel Banegas, including without limitation, sanctions in the amount of $500 per day from October 4, 2022 forward, as well as attorneys fees and costs incurred by the Trustee in preparing and prosecuting this Motion.

WHEREFORE, the Trustee respectfully requests that this Court enter an order: (1) granting this Motion; (2) enforcing its Contempt Order, the Order Confirming Authority of Chapter 7 Trustee, and the automatic stay (again); (3) holding Ariel Banegas in further contempt of court and/or finding that he remains in contempt of court; (4) holding Ariel Banegas in criminal contempt; (5) ordering the apprehension and incarceration of Ariel Banegas, either by directing the United States Marshal Service to apprehend and incarcerate Ariel Banegas or otherwise; (5) entering additional monetary sanctions against Ariel Banegas, including without limitation, sanctions in the amount of $500 per day from October 4, 2022 forward, until Ariel Banegas

complies with the requirements of the Contempt Order and the Order Confirming Authority of Chapter 7 Trustee and/or as long as Ariel Banegas continues to violate those Orders, as well as attorneys fees and costs incurred by the Trustee in preparing and prosecuting this Motion, and (6) granting any other or further relief that this Court deems just and proper.

Dated: October 10, 2022

Respectfully Submitted,
**GREENSPOON MARDER LLP**
*/s/ Rilyn A. Carnahan*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar Number: 614831
Attorneys for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T: (561) 838-4557   F: (561) 514-3457
Email: rilyn.carnahan@gmlaw.com

## VERIFICATION AND 28 U.S.C § 1746 DECLARATION

I HEREBY CERTIFY AND DECLARE under penalty of perjury the statements contained in the foregoing Verified Motion are true and correct to the best of my knowledge, information and belief, and the exhibits attached hereto are true and correct copies of what they purport to be

Executed on October 10, 2022

*/s Michael R. Bakst*
Michael R. Bakst, Trustee in Bankruptcy for Basa Investments LLC, Shepherd Realty, Inc., and Damaca Investments, LLC

## CERTIFICATE OF SERVICE

I CERTIFY that on October 10, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Rilyn A. Carnahan*
Rilyn A. Carnahan, Esq.

**Mailing Information for Case 22-10741-EPK**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R Bakst**    efilemrb@gmlaw.com,
  ecf.alert+Bakst@titlexi.com;efileu1084@gmlaw.com;efileu1086@gmlaw.com;efileu386@gmlaw.com;efileu1857@gmlaw.com;efileu3163@gmlaw.com;efileu3214@gmlaw.com;efileu3291@gmlaw.com
- **Michael R. Bakst**    efileu1094@gmlaw.com,
  ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com
- **Nicholas B. Bangos**    nick@nbbpa.com, bazban13@gmail.com
- **Michael Huey Bolling**    michaelbollingpa@gmail.com,
  simone@fenderbollingpaiva.com
- **Heidi A Feinman**    Heidi.A.Feinman@usdoj.gov
- **G Steven Fender**    steven.fender@fender-law.com, simone@fenderbollingpaiva.com
- **Laudy Luna**    ll@crllawgroup.com, jbr@crllawgroup.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Hampton Peterson**    legalservices@PBCTax.com
- **Jillian T. Spangler**    jillian@bosdun.com
- **Barry Seth Turner**    bt@bstpa.com, bstpalaw@gmail.com

Manual Notice List

The following is the list of parties who are not on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Basa Investments LLC
5655 La Quinta Ct.
Lake Worth, FL 33463

Liliana Daza
309 Galway Dr.
West Chester, PA 19380

Iliana Hernandez
10281 SW 72 St #102
Miami, FL 33173

Cristian Nieto
4000 Ponce De Leon Blvd #470
Coral Gables, FL 33146

Patrick Cordero, Esq.
7333 Coral Way
Miami, FL 33155
ecfmail@pcorderolaw.com

Miriam Marenco, Esq.
7333 Coral Way
Miami, FL 33155
miriamm@pcorderolaw.com

Ariel Banegas
5655 La Quinta Ct.
Lake Worth, FL 33463
ariel@leaderrealty.net

Astrid Banegas a/k/a Astrid Carolina Banegas a/k/a Astrid Carolina Daza
5655 La Quinta Ct.
Lake Worth, FL 33463
cardamo76@gmail.com

# EXHIBIT "1"

**Rilyn Carnahan**

| | |
|---|---|
| **From:** | Ariel Banegas <ariel@leaderrealty.net> |
| **Sent:** | Tuesday, October 4, 2022 9:37 AM |
| **To:** | Barbara Serrano; Carlos de la Rosa; Denise Arce; Drew Gargas; Humberto De La Cruz; JL American - Javier Gomez; Luz Jimenez; Maria Capote; Merline Bordes; Michael Schneyer; Patricia Garcia; Robin Arce; Robinson Arias; Sandra Maria Guarnizo; Stephanie Sierra; carmen sarmiento; luzmdrealestate@gmail.com; martha occonor; talyalonso96@yahoo.com; eproenza@yahoo.com; Gilbert Suarez; mirneydis gonzalez; SANDRA TACHACK; Yipsy Gutierrez; robinweiner@ch13weiner.com; Feinman, Heidi (USTP); Miriam Marenco; Laudy Luna; Nicholas Bangos; Jillian Spangler |
| **Cc:** | Bakst Trustee; Michael Bakst; Rilyn Carnahan; Steven Fender |
| **Subject:** | Re: July to Septembet '22 Audios and Videos recording |

Sorry, wrong email chain.

On Tue, Oct 4, 2022 at 9:28 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
  Sorry, wrong email chain.

On Tue, Oct 4, 2022 at 9:26 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
  Good morning Luis,
  Here are some of the most recent audios from July to September. In some of them, you hear long periods of quiet time because the court clerks have always made me wait longer than it should take to file documents to harrass me.

| |
|---|
| 📄 **Aug 12 Waiting Time 2.m4a [drive.google.com]** |
| 📄 **Aug 12 Waiting Time.m4a [drive.google.com]** |
| 📄 **Aug 12. IT issues Manager. Waiting time.m4a [drive.google.com]** |
| 📄 **August 11 - Individual case Answer due date rem... [drive.google.com]** |
| 📄 **August 12 - IT Issues, denying calling the mana... [drive.google.com]** |
| 📄 **August 23 Clerk denying access to a manager Unr... [drive.google.com]** |
| 📄 **August 23 Unreasonable waiting 2.m4a [drive.google.com]** |
| 📄 **August 23 Unreasonable waiting.m4a [drive.google.com]** |
| 📄 **August 23, 2022 Request for Individual case aud... [drive.google.com]** |
| 📄 **August 25 Adversary case Filing. Notice of appe... [drive.google.com]** |
| 📄 **August 29 Filings. 8:11 evidence of the clerk a... [drive.google.com]** |
| 📄 **August, 23, 2022 Filing of removed exhibits lis... [drive.google.com]** |
| 📄 **Blocked Mr Banegas driveway access by corporate... [drive.google.com]** |
| 📄 **Blocked Mr Banegas driveway access by corporate... [drive.google.com]** |
| 📄 **Chief Deputy Cameron instructing Mr Banegas to ... [drive.google.com]** |

📄 **Civil Case Eviction on one of the properties in...** **[drive.google.com]**

📄 **Civil Case Eviction on one of the properties in...** **[drive.google.com]**

📄 **July 29, 2022. Denied Stamp filed documents.m4a** **[drive.google.com]**

📄 **Police following Mr Banegas to a Hotel.jpeg** **[drive.google.com]**

📄 **Police following Mr Banegas to a Hotel.jpeg.MOV** **[drive.google.com]**

📄 **Police harassing Mr Banegas and following him t...** **[drive.google.com]**

📄 **Police harassing Mr. Banegas in front of my hou...** **[drive.google.com]**

📄 **Police standing in front of Mr Banegas house fo...** **[drive.google.com]**

📄 **Police standing in front of Mr Banegas house po...** **[drive.google.com]**

📄 **Police standing in front of Mr Banegas house po...** **[drive.google.com]**

📄 **Police standing in front of Mr Banegas house po...** **[drive.google.com]**

On Wed, Sep 14, 2022 at 7:07 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
 Why do you think they are doing All these things? Because they can't legally do anything against me.
 Harassing, violating the constitution and breaking the law is the only way they have to "intimidate me."
 Javier and Humberto knew all these from the beginning, like the rest of Astrid's tenants (8) paying rent.
 They just decided To betray me and play along with the discriminating, harassing game.

On Wed, Sep 14, 2022 at 6:58 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
 Mind you, have Zero 000.000.000 evidence against me and the honest way you all know  I handle my
 businesses. I have an exhibit List of 86 prima face evidence documents proving my case. They denied legal
 advice; they denied a trial and due process, my testimony, my witnesses, altering the docket and filings,
 altering the hearing transcripts and audios, they been illegally prolonging The case, etc. They are
 disappearing from the docket the very few Palm Beach civil and eviction cases I have won (all), always as a
 plaintiff. I have my own audios and more evidence to send to the Supreme Court. These two attorneys,
 "trustees" copied on these emails, biased and influenced by a discriminating Judge, have Florida Bar
 Complaints, along with ten more attorneys since The civil case.

On Tue, Sep 13, 2022, at 8:54 PM, Ariel Banegas <ariel@leaderrealty.net> wrote:
 Attorneys who are sworn to protect the law and Constitution, playing Judge (But how many Martin Luther
 King Jr do you see now a days?= 0). And Judges playing God when they all work for the people.

On Tue, Sep 13, 2022 at 8:43 PM Ariel Banegas <ariel@leaderrealty.net> wrote:
 I'd like to introduce you all to the unlawful, racist and discriminating "Trustees" with whom Javier is
 cooperating with (See the attached email). I was forced to file a Bankruptcy (a voluntary benefit provided
 to US citizens) case on a few of my companies because I was being discriminated against and profiled in
 Civil Court against a white, USA-born person who wanted to take advantage of the real estate investment
 business Astrid and I created. The federal court turned out to be way worst. We are all in Real Estate and
 know (if not, contact the Florida Board) that 1. A tenant cannot rent a space in an association without
 approval. 2. I can do whatever I want with my properties as long as they are under my name; according to
 the "Trustees" they are "holding them" in the name of my former three corporations that don't exist since

July 13, 2022. 3. The properties were transferred on July 12, 2022 (See PAPA); all of these happened before the racist Judge unlawfully entered "automatic stay and conversion to chapter 7" (Which means that every order after that is NULL and VOIDED). But Javier and Humberto, my former peers and coworkers, are poisoned by anger against me for defending our rights as Hispanics. You have no idea, YET, of the discrimination, harassment, and unlawful treatment I'm undergoing. And Javier and Humberto are the only tenants not paying the new owner's rent.

On Tue, Sep 13, 2022 at 3:03 PM Ariel Banegas <ariel@leaderrealty.net> wrote:
You are such a coward that you go to a racist discriminative trustee thinking they will help you, instead of facing me in court. They are not above the law. No one is.

On Mon, Sep 12, 2022 at 8:02 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
There are also lawsuits for copyright infringements and cyber attack against you that I'm trying bot to file yet.

On Sun, Sep 11, 2022 at 10:17 PM Ariel Banegas <ariel@leaderrealty.net> wrote:
Javier,
Besides Astrid's eviction. You also received my attached lawsuit for the items not included in the null/voided contract, and you still refuse to return them to me. We've been trying to avoid DBPR to not affect the realtors, but if you don't face these issues, we will continue to proceed to the Supreme Court if we have to.


--

Ariel Banegas,
Property Manager/ Broker/ CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

# EXHIBIT "2"

Rilyn Carnahan

| | |
|---|---|
| **From:** | Ariel Banegas <ariel@leaderrealty.net> |
| **Sent:** | Wednesday, October 5, 2022 9:21 AM |
| **To:** | Barbara Serrano; Carlos de la Rosa; Denise Arce; Drew Gargas; Humberto De La Cruz; JL American - Javier Gomez; Luz Jimenez; Maria Capote; Merline Bordes; Michael Schneyer; Patricia Garcia; Robin Arce; Robinson Arias; Sandra Maria Guarnizo; Stephanie Sierra; carmen sarmiento; luzmdrealestate@gmail.com; martha occonor; talyalonso96@yahoo.com; eproenza@yahoo.com; Gilbert Suarez; mirneydis gonzalez; SANDRA TACHACK; Yipsy Gutierrez; robinweiner@ch13weiner.com; Feinman, Heidi (USTP); Miriam Marenco; Laudy Luna; Nicholas Bangos; Jillian Spangler; greg@sanoba.com; Jeffrey Ferguson; Raymond L. Robinson |
| **Cc:** | Bakst Trustee; Michael Bakst; Rilyn Carnahan; Steven Fender |
| **Subject:** | Re: July to Septembet '22 Audios and Videos recording |

Good Morning,
Wrong chain of emails; sorry for the inconvenience.

On Wed, Oct 5, 2022 at 9:20 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
  Good morning Luis,
  Please see attached portions of the Writ Of Certiorari that the supreme Court requested for me to amend.
  Please help me review it and make changes, including more cases related to mine. And some of the docket
  alterations and removing my filings they have been doing in civil and in Federal Courts, I am sending you the
  rest of the docket's daily reports for you to see the alteration evidence both courts are doing and removing the
  eviction cases I have won (ALL). Also, please let's start the lawsuit you mentioned against the government for
  heavy damages against me personally and professionally; And against my family.


On Tue, Oct 4, 2022 at 9:26 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
  Good morning Luis,
  Here are some of the most recent audios from July to September. In some of them, you hear long periods of
  quiet time because the court clerks have always made me wait longer than it should take to file documents to
  harrass me.

| |
|---|
| 📄 **Aug 12 Waiting Time 2.m4a [drive.google.com]** |
| 📄 **Aug 12 Waiting Time.m4a [drive.google.com]** |
| 📄 **Aug 12. IT issues Manager. Waiting time.m4a [drive.google.com]** |
| 📄 **August 11 - Individual case Answer due date rem... [drive.google.com]** |
| 📄 **August 12 - IT Issues, denying calling the mana... [drive.google.com]** |
| 📄 **August 23 Clerk denying access to a manager Unr... [drive.google.com]** |
| 📄 **August 23 Unreasonable waiting 2.m4a [drive.google.com]** |
| 📄 **August 23 Unreasonable waiting.m4a [drive.google.com]** |
| 📄 **August 23, 2022 Request for Individual case aud... [drive.google.com]** |
| 📄 **August 25 Adversary case Filing. Notice of appe... [drive.google.com]** |
| 📄 **August 29 Filings. 8:11 evidence of the clerk a... [drive.google.com]** |

1

📄 **August, 23, 2022 Filing of removed exhibits lis...** [drive.google.com]

📄 **Blocked Mr Banegas driveway access by corporate...** [drive.google.com]

📄 **Blocked Mr Banegas driveway access by corporate...** [drive.google.com]

📄 **Chief Deputy Cameron instructing Mr Banegas to ...** [drive.google.com]

📄 **Civil Case Eviction on one of the properties in...** [drive.google.com]

📄 **Civil Case Eviction on one of the properties in...** [drive.google.com]

📄 **July 29, 2022. Denied Stamp filed documents.m4a** [drive.google.com]

📄 **Police following Mr Banegas to a Hotel.jpeg** [drive.google.com]

📄 **Police following Mr Banegas to a Hotel.jpeg.MOV** [drive.google.com]

📄 **Police harassing Mr Banegas and following him t...** [drive.google.com]

📄 **Police harassing Mr. Banegas in front of my hou...** [drive.google.com]

📄 **Police standing in front of Mr Banegas house fo...** [drive.google.com]

📄 **Police standing in front of Mr Banegas house po...** [drive.google.com]

📄 **Police standing in front of Mr Banegas house po...** [drive.google.com]

📄 **Police standing in front of Mr Banegas house po...** [drive.google.com]

On Wed, Sep 14, 2022 at 7:07 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
Why do you think they are doing All these things? Because they can't legally do anything against me. Harassing, violating the constitution and breaking the law is the only way they have to "intimidate me." Javier and Humberto knew all these from the beginning, like the rest of Astrid's tenants (8) paying rent. They just decided To betray me and play along with the discriminating, harassing game.

On Wed, Sep 14, 2022 at 6:58 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
Mind you, have Zero 000.000.000 evidence against me and the honest way you all know I handle my businesses. I have an exhibit List of 86 prima face evidence documents proving my case. They denied legal advice; they denied a trial and due process, my testimony, my witnesses, altering the docket and filings, altering the hearing transcripts and audios, they been illegally prolonging The case, etc. They are disappearing from the docket the very few Palm Beach civil and eviction cases I have won (all), always as a plaintiff. I have my own audios and more evidence to send to the Supreme Court. These two attorneys, "trustees" copied on these emails, biased and influenced by a discriminating Judge, have Florida Bar Complaints, along with ten more attorneys since The civil case.

On Tue, Sep 13, 2022, at 8:54 PM, Ariel Banegas <ariel@leaderrealty.net> wrote:
Attorneys who are sworn to protect the law and Constitution, playing Judge (But how many Martin Luther King Jr do you see now a days?= 0). And Judges playing God when they all work for the people.

On Tue, Sep 13, 2022 at 8:43 PM Ariel Banegas <ariel@leaderrealty.net> wrote:

I'd like to introduce you all to the unlawful, racist and discriminating "Trustees" with whom Javier is cooperating with (See the attached email). I was forced to file a Bankruptcy (a voluntary benefit provided to US citizens) case on a few of my companies because I was being discriminated against and profiled in Civil Court against a white, USA-born person who wanted to take advantage of the real estate investment business Astrid and I created. The federal court turned out to be way worst. We are all in Real Estate and know (if not, contact the Florida Board) that 1. A tenant cannot rent a space in an association without approval. 2. I can do whatever I want with my properties as long as they are under my name; according to the "Trustees" they are "holding them" in the name of my former three corporations that don't exist since July 13, 2022. 3. The properties were transferred on July 12, 2022 (See PAPA); all of these happened before the racist Judge unlawfully entered "automatic stay and conversion to chapter 7" (Which means that every order after that is NULL and VOIDED). But Javier and Humberto, my former peers and coworkers, are poisoned by anger against me for defending our rights as Hispanics. You have no idea, YET, of the discrimination, harassment, and unlawful treatment I'm undergoing. And Javier and Humberto are the only tenants not paying the new owner's rent.

On Tue, Sep 13, 2022 at 3:03 PM Ariel Banegas <ariel@leaderrealty.net> wrote:
  You are such a coward that you go to a racist discriminative trustee thinking they will help you, instead of facing me in court. They are not above the law. No one is.

  On Mon, Sep 12, 2022 at 8:02 AM Ariel Banegas <ariel@leaderrealty.net> wrote:
  There are also lawsuits for copyright infringements and cyber attack against you that I'm trying bot to file yet.

  On Sun, Sep 11, 2022 at 10:17 PM Ariel Banegas <ariel@leaderrealty.net> wrote:
  Javier,
  Besides Astrid's eviction. You also received my attached lawsuit for the items not included in the null/voided contract, and you still refuse to return them to me. We've been trying to avoid DBPR to not affect the realtors, but if you don't face these issues, we will continue to proceed to the Supreme Court if we have to.


  --

  Ariel Banegas,
  Property Manager/ Broker/ CEO
  (954)802-4597

  --

  Ariel Banegas,
  Property Manager/CEO
  (954)802-4597

  --

  Ariel Banegas,
  Property Manager/CEO
  (954)802-4597


  --

3

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597

--

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,
Property Manager/CEO
(954)802-4597


--

Ariel Banegas,

4

Property Manager/CEO
(954)802-4597

**EXHIBIT "3"**

**Rilyn Carnahan**

| | |
|---|---|
| **From:** | Ariel Banegas <ariel@leaderrealty.net> |
| **Sent:** | Wednesday, October 5, 2022 4:47 PM |
| **To:** | Michael Bakst; Rilyn Carnahan; Bakst Trustee; documents+bakst@txitrustee.com; Feinman, Heidi (USTP); robinweiner@ch13weiner.com |
| **Subject:** | Unlawfully seized and retained DIP Accounts |

Bakst and Carnahan,
Return the money earned from rents in the DIP Accounts before the properties were transferred to his rightful owner Ariel Banegas, immediately, as the other Trustees have done. You have no right to withhold property from Mr. Banegas.


--

Ariel Banegas,
Property Manager / Licensed Real estate Broker
(954)802-4597

# EXHIBIT "4"

